SALLIE M. BAKER, ADMINISTRATRIX, v. MUTUAL LIFE INSURANCE COMPANY.

No. 790.—Decided February 26, 1896.

**Jurisdiction of Supreme Court—Conflict of Decisions.**

The Court of Civil Appeals reversed and remanded a cause because "the court below admitted in evidence illegal testimony of a material nature upon one of the important issues in the case, concerning which the conflicting testimony was evenly balanced; and, as it did not appear that this improper testimony did not or could not have operated to the prejudice of appellant, its admission was reversible error." Held, that this ruling is not in conflict with any of the decisions of this court or of the Courts of Civil Appeals.

APPLICATION for writ of error to Court of Civil Appeals for Second District, in an appeal from Tarrant County.

Suit by applicant Sallie M. Baker against the insurance company, resulting in a recovery by plaintiff, was on appeal by defendant reversed and remanded by the Court of Civil Appeals, and application made by appellee to the Supreme Court for writ of error.

The application insisted that the evidence .was not evenly balanced, but that other testimony sustained the allegation to which the illegal testimony was directed.

Chief Justice Gaines and Associate Justice Brown being disqualified, the Governor appointed Hon. R. H. Ward, Special Chief Justice, and Hon. C. C. Potter, Special Associate Justice. The Special Justices, with Associate Justice Denman, constituted the court.

*Hunter & Stewart* and *Humphreys & McLean*, for application.

If substantially the same facts were in evidence to the jury unobjected to, as could have been inferred from the illegal testimony admitted, the error in admitting such evidence is harmless. Flanagan v. Boggess, 46 Texas, 330; Pullman v. Smith, 79 Texas, 471; Railway. v. Gallaher, 79 Texas, 689; Guerin v. Patterson, 55 Texas, 124; Titus v. Johnson, 50 Texas, 240; Dailey v. Starr, 26 Texas, 562; Smith v. Hughes, 23 Texas, 248; Railway v. Gay, 27 S. W. Rep., 742; City of Dallas v. Miller, 27 S. W. Rep., 498; Massie v. Meeks, 28 S. W. Rep., 44; Cohen v. Oliver, 29 S. W. Rep., 81; Railway v. John, 29 S. W. Rep., 558; Jackson v. Cable, 27 S. W. Rep., 201; Johnson v. Stratton, 25 S. W. Rep., 683; Evans v. Martin, 25 S. W. Rep., 688; Slocum v. Putnam, 25 S. W. Rep., 52; Burgher v.

Henderson, 29 S. W. Rep., 522; N. Y. & Texas Land Co. v. Hyland, 28 S. W. Rep., 206; Rosewater v. Schwab, 25 S. W. Rep., 73; Lane v. Lane, 21 S. W. Rep., 99; Foster v. Railway, 21 S. W. Rep., 916; St Louis Nat. Bank v. Flanagan, 31 S. W. Rep., 773; Hitson v. Bank, 14 S. W. Rep., 993.

*Fizet & Miller*, for Insurance Company, filed an argument contending that Chief Justice Gaines and Associate Brown were not disqualified.

R. H. WARD, SPECIAL CHIEF JUSTICE.—This is an application for writ of error to the Court of Civil Appeals for the Second Supreme Judicial District. The applicant for the writ of error recovered judgment in the District Court against the defendant in error. On appeal, the Court of Civil Appeals reversed the judgment and remanded the cause. The judgment having been reversed, the question to be determined is whether this court has jurisdiction or power to grant the writ. The applicant predicates the jurisdiction of this court to grant the writ upon the following proposition, towit: "That the decision of the Court of Civil Appeals in reversing the judgment herein, upon the assignments of error, establishes the rule that the erroneous admission of evidence, when objected to by defendant, is reversible error, notwithstanding the same facts have been fully proven by defendants' own witnesses without objections,—thereby overruling decisions of this court, of the Court of Civil Appeals, and of the court rendering the decision in this cause," citing the cases. The Court of Civil Appeals reversed and remanded this cause because the court below admitted in evidence (the trial being had before a jury) illegal testimony of a material and substantial nature upon one of the most important issues in the case, concerning which the conflicting evidence was evenly balanced; that, as it did not appear that this improper testimony did not or could not have operated to the prejudice of appellant its admission was reversible error. We do not think the decision of the Court of Civil Appeals in any manner conflicts with or overrules any of the decisions of this court, or of the Court of Civil Appeals cited in the application for the writ of error, as contended for. We therefore are constrained to hold that this court has no jurisdiction to grant the writ of error as prayed for, and the application is dismissed.

*Dismissed.*