GULF, COLORADO AND SANTA FE RAILWAY COMPANY v. B. W. PEARCE.

Decided June 6, 1906.

**1.—Statement of Facts—Stenographic Transcript—Law of 1905 Construed.**

When the caption of the transcript of the evidence identifies the case in which it was prepared by style and number, and by a statement of the cause tried, and date of trial, and gives the names of the attorneys for each party, it fully identifies the cause to which it relates.

**2.—Same.**

An agreement of parties to a statement of facts prepared by a stenographer while proper is not necessary under the law of 1905, and the certificate of the trial judge need not show that a disagreement existed before such statement was approved by him. It is sufficient if the official stenographer prepared the transcript of the evidence at the request of one of the parties.

**3.—Same—Documentary Evidence.**

The stenographer's statement need only contain oral evidence, objections to same, rulings of the court, etc. Documentary evidence is not required to be copied into such statement, but may be sent up in the original form at the request of either party by written direction of the court, or transcribed by the clerk into the record.

**4.—Railroad—Overflow of Land—Rev. Stats., Art. 4436, Construed.**

The provisions of article 4436 of the Revised Statutes applies to water overflowing from an adjacent stream as well as to surface water.

**5.—Assignment of Error—Statement Thereunder.**

A reference to another part of the brief of appellant where almost the entire evidence is copied is not such a statement under an assignment of error as the rules governing appeals contemplate.

**6.—Evidence—Objection—Bill of Exception.**

Since 1853 the rule has never been varied that a bill of exception must disclose the objections made to testimony.

**7.—Pleading—New Cause of Action.**

Where the original petition set up damages to crops from an overflow caused by the faulty construction of defendant's roadbed, and an amended petition was but an amplification of the original petition, a new cause of action is not set up.

Appeal from the District Court of Grimes County. Tried below before Hon. Gordon Boone.

*J. W. Terry* and *A. H. Culwell,* for appellant.—The evidence showing, as it does, that the injury to plaintiff's premises was occasioned by reason of the large volume of water flowing out of the Brazos River this water could not and can not be classed as surface water, or such water as the railway company was required to anticipate the flow thereof, and so construct its embankments and culverts as to prevent injury to the adjacent land owners therefrom, and the water injuring plaintiff's premises not being surface water, no liability is created by reason of a damage done by the same. Rev. Stats., art. 4436, 3268, sec. 6; St. Louis & S. F. Ry. v. Craigo, 31 S. W. Rep., 209; Booker v. McBride, 40 S. W. Rep., 1032; Austin & N. W. Railway v. Anderson, 79 Texas, 434; Gould on Waters, secs. 263, 264.

It appearing, as it did, that plaintiff's cause of action was barred by limitation at the time the second amended original petition was filed, and the cause of action therein stated not being the same as that stated in the original petition, the court should have sustained appellant's special exception to the same. Phoenix Lumber Co. v. Houston Water Co., 94 Texas, 456; Union Pac. Ry. Co. v. Wyler, 158 U. S., 285; Enc. Pleading and Practice, pp. 556, 569; Meeks v. S. P. Co., 64 Cal., 149; Buntin v. Railway Co., 41 Fed. Rep., 744; Railway Co. v. Bayliss, 62 Texas, 570.

*Carr & Scott* and *Hutcheson, Campbell & Hutcheson,* for appellee.— It is the imperative duty of all railroads in constructing their roadbed to first construct all necessary culverts or sluiceways as the natural lay of the land may require for the proper drainage thereof, and they owe this duty with reference to all kinds of water, whether overflow, surface or drainage water, and they are liable for any damage resulting from a failure of that duty. Sal. Civ. St., art. 4436; Gulf, C. & S. F. R. R. v. Helsley, 62 Texas, 595; Gulf, C. & S. F. R. R. v. Holliday, 65 Texas, 519; Gulf, C. & S. F. R. R. v. Donahoo, 59 Texas, 129; Gulf, C. & S. F. R. R. v. McGowan, 73 Texas, 362; Texas & P. R. R. v. Barron, 78 Texas, 424; International & G. N. R. R. Co. v. Malone, 1 Texas App. C. C., 234. On measure of damage: Gulf, C. & S. F. R. R. v. Holliday, 65 Texas, 519; Gulf, C. & S. F. R. R. v. McGowan, 73 Texas, 362; Owen v. Missouri Pac. R. R., 4 S. W. Rep., 594.

FLY, ASSOCIATE JUSTICE.—Appellee instituted suit against appellant to recover $5,040.55 for damages to his crops arising by reason of the improper and negligent construction of the roadbed of appellant, which causing the overflowed waters of the Brazos River to accumulate against its embankment and then rush through causing destruction of the crops. A trial by jury resulted in a verdict and judgment for appellee in the sum of $3,000.

The statement of facts consists of the stenographic transcript of the evidence prepared under the provision of the act of the Legislature of 1905. (Gen. Laws, p. 219.) Appellee seeks to strike out the statement of facts for various reasons which will be considered before discussing the matter raised by the assignments of error.

The caption to the transcript of the evidence identifies the case in which it was prepared by style and number and by a statement of the cause in which it was tried, and date of trial, and gives the names of attorneys for each party. Nothing more could be desired to identify the cause under the law of 1905. The certificate need not show a disagreement of counsel before the facts are approved by the judge. Agreement of parties to a statement of facts prepared by a stenographer is not provided for in the law. The certificate of the trial judge showed that the official stenographer prepared the transcript of the evidence at the request of one of the parties and that he approved it, and that was sufficient.

The caption of the act in question names only oral evidence to be taken by the stenographer, and provision is made in the act for the stenographer to take notes of the "oral evidence in every case tried in

said court, together with all objections to the admissibility of testimony, the rulings of the court thereon and all exceptions taken to such rulings." Documentary evidence is not required to be copied into the stenographer's report, but when referred to in the report, the original documentary evidence, sketches, maps, plats or other matters introduced in evidence may be sent up in the original form at the request of either party, by written direction of the court, or transcribed by the clerk with other parts of the record.

There is no contention that the transcript of the evidence does not contain a full and correct report of the oral evidence adduced on the trial, and, although the transcript of the evidence should have been submitted to the appellee, or his counsel, before being approved by the court, we do not think a failure to so submit it would justify striking it from the record, when no reasonable objection can be urged against it. There is no merit in the motion to strike out the transcript of the evidence and it is overruled.

The evidence justifies the conclusion that appellant was guilty of so constructing its roadbed that the overflowing waters from the Brazos River were caused to be collected at a point above its roadbed and when released from confinement rushed across the land of appellee and damaged him in the sum found by the jury. The negligence of appellant consisted in the failure to construct the necessary culverts or sluices as the natural lay of the land required for the necessary drainage thereof.

The contention that article 4436, Revised Statutes, which provides that "in no case shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices, as the natural lay of the land requires for the necessary drainage thereof," does not apply to water overflowing from a stream, but only to surface water. can not be sustained. (Gulf, C. & S. F. Ry. v. Holliday, 65 Texas, 512; Sabine & East Texas Ry. v. Wood, 69 Texas, 679; Gulf, C. & S. F. Ry. v. Pool, 70 Texas, 713.)

In the Holliday case the court said: "Railway companies are required by our statutes, in constructing their roads, to take into consideration the natural lay of the land, and to construct the necessary culverts or sluices for its necessary drainage. That they must use proper care in this respect, so as not to obstruct the waters of ordinary floods, to the damage of adjacent lands, is settled by the decisions of this court." Citing Houston & G. N. Ry. v. Parker, 50 Texas, 342, and Gulf, C. & S. F. Ry. v. Helsley, 62 Texas, 594.

It would be unreasonable to hold that a railway company would be liable for damages resulting from the accumulation of surface water, by the faulty construction of its roadbed, but not for such accumulation of the water from an ordinary overflow of a stream. The duty rested upon appellant to construct its roadbed so as not to interfere with the flow of flood water in an ordinary rise of a stream along or across which its road may run. It should have anticipated the accumulation of flood water from the overflow, and have built its roadbed with sufficient openings to carry off with expedition, the water from all but unprecedented floods. This proposition is too thoroughly settled to require further discussion. It was not pleaded, nor proved that there was an unprece-

dented or extraordinary rise of the Brazos River at the time the damage took place.

The second assignment of error criticises the third paragraph of the charge, the complaint being that it places a more onerous duty on railroads, as to the construction of their roadbed, than is required by statute, and that it called attention to the maximum amount of damages that appellee could recover, by instructing the jury that they should not find a verdict in excess of $5,040.55. The charge did not require the performance of any more than the statutory duty, and the reference to the amount claimed by appellee did not injure appellant, as clearly appears from the fact that the verdict was for a sum over two thousand dollars less than the amount mentioned. The charge was clear in holding appellant liable only for the damages arising from an overflow of water caused by the improper construction of the roadbed.

The third assignment of error which complains of the fifth paragraph of the charge is devoid of merit. That paragraph presents a phase of case under which appellee could not recover and is wholly unobjectionable.

The fourth and fifth assignments of error are not followed by statements, and should not be considered. A reference to another part of the brief where almost the entire evidence is copied is not the statement contemplated by the rules. It may be said, however, that there is no merit in the assignments. The twenty-two bales of cotton, the value of which appellant insists should be deducted from the amount of the judgment, were raised on land which was not overflowed and for which no damages were claimed.

The sixth assignment presents as error the action of the court in excluding the opinion of J. C. Christie, a civil engineer, who had taken the levels of the ground north and south of the railroad and knew the height of the flood, as to whether the water would have flooded the land if the railroad had not been where it was. It is sufficient to say that the bill of exceptions does not disclose the objections made to the testimony and can not, therefore, be considered. This rule was laid down in Hagerty v. Scott, 10 Texas, 525, in 1853, and has never been varied. (Franklin v. Tiernan, 62 Texas, 92; Galveston, H. & S. A. Ry. v. Gage, 63 Texas, 568; Arambula v. Sullivan, 80 Texas, 615; Ingenhuett v. Hunt, 15 Texas Civ. App., 248.)

The seventh assignment can not be sustained, if for no other reason, because it is not followed by a proper statement. The terms of the original petition are stated, but it is impossible to pass upon whether the second amended petition alleged a new cause of action or not, without a statement of what was set up in the last named pleading. It may be stated, however, that the amended pleadings do not present a new cause of action. The first petition set up damages to crops from an overflow created by the faulty construction of appellant's roadbed, and so does the second amended petition upon which the cause was tried. The last was but an amplification of the first. The judgment is affirmed.

*Affirmed.*

Writ of error refused.