## D. T. FIELDER v. ST. LOUIS, BROWNSVILLE & MEXICO RAILWAY COMPANY.

Decided June 6, 1908.

**1.—General Denial—Evidence.**

In a suit for damages for an assault and battery, the defendant may prove under a general denial either that no injuries were inflicted, or that the injuries proven by the plaintiff resulted from some other cause than the assault.

**2.—New Trial—Conflicting Evidence—Improper Testimony.**

Where the evidence upon a trial is sharply conflicting, the admission of improper testimony upon a material issue will be deemed prejudicial, unless the contrary appears. In a suit against a railway company for damages for an assault and battery committed by defendant's employes, the defense being that plaintiff's injuries resulted from alcoholism and not from the assault, admission of evidence as to an isolated instance of intoxication three or four months prior to the assault, and hearsay testimony of intoxication, considered, and held reversible error, in view of the sharp conflict in the evidence.

**3.—Passenger—Assault and Battery—Liability.**

A person assaulted under circumstances which do not justify it, is entitled to recover, at least, nominal damages.

Appeal from the District Court of Nueces County. Tried below before Hon. W. B. Hopkins.

*J. C. Scott* and *G. R. Scott,* for appellant.—If at the time of the alleged assault upon appellant he intended to continue his journey to Corpus Christi on appellee's train, and he was then in possession of a pass which he thought at the time was good, but which, in fact, was not good; and appellant was prepared to pay the conductor on the train, after it had started, his fare from Kingsville to Corpus Christi, in money, he was a passenger at the time of the assault, and was entitled to protection as such, even though the pass had expired by its own limitation, and appellant had not actually commenced his journey on the train from Kingsville to Corpus Christi, but was on the premises of appellee prepared and intending to do so. Gulf, C. & S. F. Ry. Co. v. Bunn, 41 Texas Civ. App., 503; Denison & S. Ry. Co. v. Johnson, 36 Texas Civ. App., 115; Houston & T. C. Ry. Co. v. Washington, 30 S. W., 719; Texas & Pac. Ry. Co. v. Jones, 39 S. W., 124; Missouri, K. & T. Ry. Co. v. Simmons, 12 Texas Civ. App., 500; Missouri, K. & T. Ry. Co. v. Overfield, 19 Texas Civ. App., 440; Texas & Pac. Ry. Co. v. Dick, 26 Texas Civ. App., 256; Houston & T. C. Ry. Co. v. Batchler, 37 Texas Civ. App., 116.

The appellant might have recovered at least nominal damages for the actual assault, even though the "pains, ailments, diseases, injuries, etc.," claimed by him to have been caused by the assault, were due to another cause. But the charge made it impossible for appellant to recover nominal damages for the actual assault by directing the jury to return a general verdict in favor of appellee unless what appellant claimed to be the after effects of the assault, were due to the assault, and were not due to the excessive use of liquor by appellant; and, therefore, the charge is a charge on the weight of the evidence.

*James B. Wells* and *Kleberg & Neethe,* for appellee.

McMEANS, ASSOCIATE JUSTICE.—Appellant brought suit in the District Court of Nueces County against appellee to recover damages for personal injuries alleged to have been sustained by him through an assault alleged to have been made on him by employes of appellee at Kingsville, Texas, and while he was a passenger, and on the premises of appellee at that place.

Appellant's cause of action, as stated in his petition, is substantially as follows:

On or about January 11, 1908, appellant boarded the appellee's train at Katherine, a station on its line of railroad, and became a passenger thereon, intending to go to Robstown, a station on appellee's railroad, and Corpus Christi, a station to which appellee was operating said passenter train; and the appellant was received and accepted by appellee as a passenger.

When he reached Kingsville appellant alighted from the train and paid the conductor in charge of the train his fare from Katherine to Kingsville. But he did not pay his fare or buy a ticket to Corpus Christi at that time, to wit, when he reached Kingsville, because he was in possession of a certain pass, which had been duly issued to him by the proper officer of the appellee, and at that time appellant thought this pass entitled him to transportation over appellee's railroad from Kingsville to Corpus Christi, though he was subsequently advised by the conductor . of appellee's train, on a later trip, that the pass had expired January 1, 1905. And appellant also avers that he was also prepared at that time to pay his fare from Kingsville to Corpus Christi, and he would have paid the same to appellee, through its conductor, on ascertaining that said pass had gone out of date.

After appellant reached Kingsville, on January 11, 1908, on appellee's railroad train, he alighted from the train for a temporary purpose, on the platform and premises of appellee, where passengers usually congregated when embarking or alighting from appellee's passenger trains, and paid the conductor his fare from Katherine to Kingsville. And while he was on said platform awaiting the departure of the train, and while the relation of passenger and carrier existed between appellant and appellee, and while the appellee owed to appellant the duty to protect him from unlawful assault "as a passenger at an intermediate station, and as one who had reached his destination, and as one about to embark upon his journey," appellant was unlawfully and wilfully assaulted by appellee's servants, agents and employes.

The assault is then described in the petition as follows: "One of the defendant's servants and employes, to wit, one Carnahan, wilfully and violently and without adequate cause, struck plaintiff a severe blow on the face; that thereupon defendant's employe, one Burke, the conductor in charge of said train, whose duty it was, as the agent of defendant company, to protect plaintiff as a passenger from such assaults upon his person, in utter violation of said duty, wilfully and violently and negligently joined in said assault, and striking plaintiff, knocking him down with great violence so that his head and neck struck the ground and platform with great force; and that after he, plaintiff, was down, said Carnahan and Burke continued their assault upon plaintiff, both and each of them kicking and striking and stamping plaintiff with great force and holding him by the legs with his head on the ground, and thereby inflicted upon plaintiff serious bodily injuries, as hereinafter set out."

The answer of appellee consists of general demurrer, special demurrers, and also a general denial. Appellee also pleads specially that if its employes, Carnahan and Burke, or either of them, assaulted the appellant, the appellant was guilty of contributory negligence because he wrongfully provoked the assault while in an intoxicated condition; and while in such intoxicated condition, appellant, without any cause, insulted and abused said Carnahan and threatened to strike him, and did make an unlawful and dangerous assault upon him, and endeavored to strike and inflict serious bodily injuries on him; and if said Carnahan and Burke, or either of them, struck or injured appellant, they did so

in the lawful defense of said Carnahan, etc., and by reason of such facts appellant should not recover.

Appellant lived at Kingsville, Texas. On January 11, 1905, he left Kingsville for Katherine on appellant's passenger train. After staying a short while in Katherine he became a passenger on appellee's north-bound train, intending to go through Kingsville and on to Robstown and Corpus Christi. He did not purchase a ticket before boarding the train at Katherine, but when called on by the conductor, Burke, for his fare tendered the conductor a twenty dollar bill out of which he requested the necessary amount be taken, but as the conductor did not have sufficient money to make the change appellant told him he would pay him when he reached Kingsville, and this he did. The train remained at Kingsville ten or fifteen minutes before it departed for Robstown and Corpus Christi. During the first few minutes of this wait appellant was on the coach steps and then descended to the platform for the purpose of sending word to his wife that he was going on to Robstown and Corpus Christi. He did not purchase a ticket from Kingsville to Robstown because he had a pass upon which he had been riding upon that section of the road, and which, he testified, he thought entitled him to ride free, and did not know to the contrary until he was refused free passage upon it subsequently. He testified further that the pass had in fact expired on December 31, 1904, but that he did not then know it, nor had his attention been in any way called to it; but that had the pass been rejected he was prepared to, and would have, paid his fare. After appellant sent word to his wife, and while still on depot platform, he approached one Carnahan, appellee's roadmaster, with whom he had some words which resulted in a personal difficulty between them, during which the conductor, Burke, struck appellant and knocked him down.

The testimony introduced in behalf of appellant tends to prove that damages for which he sued resulted from injuries inflicted on him by appellee's roadmaster and conductor in the course of the difficulty, while that introduced in behalf of appellee tends to show that the injuries complained of by appellant resulted from the excessive use of intoxicating liquors.

On a trial before a jury verdict was rendered for appellee, upon which judgment was accordingly entered, and from which this appeal is prosecuted.

On the trial of the case the witness, H. B. Wright, who in October, 1904, and at the time of the trial was sheriff of Nueces County, and under whom appellant, Fielder, was deputy until the November, 1905, election, was asked the following question: "Did anything occur between Mr. Fielder and yourself before your election in 1904 touching your desire or wish to withdraw or cancel Mr. Fielder's deputyship; and if so, what did occur for the reason of doing so?" This question and the answer thereto were seasonably objected to on the ground that the evidence sought to be elicited was irrelevant, immaterial, incompetent, and that what transpired between Wright and appellant at the time indicated in the question had nothing to do with the merits of the case. The objection was overruled, and the witness answered: "I met Mr. Fielder, I think, in October, 1904, right in front of Mr. Hull's restaurant, and he was under the influence of whiskey. I would call him

drunk. He was walking around, but not straight. I said, 'Mr. Fielder, if you are going to continue drinking this way I will have to cancel your deputyship,' and he said, 'Never mind, I am going out home, and in two or three days you will find me on that little creek up there; I am going to kill myself.' I said, 'Well, if you are going to kill yourself, go on and quit bothering people.' He was drunk then." When the witness made this answer appellant requested the court to instruct the jury to disregard the same, because the testimony was incompetent and calculated and intended to prejudice the plaintiff in the minds of the jury, which request was also overruled by the court, to which action exception was reserved. He was then asked, "What do you mean by saying, 'You are bothering the people?'" To which, over the objection of appellant that the question called for the opinion of the witness and was irrelevant and immaterial, he answered, "It had been reported that he had been drunk the night before, and the next day, at about 11 o'clock he was what is called 'still drunk.' He was cutting up a good deal on the hill." This answer was objected to as hearsay and the objection overruled. The witness further testified that he never saw appellant intoxicated except this one time.

The testimony as to whether appellant at the time of the difficulty with the roadmaster and conductor was intoxicated, and as to whether the injuries complained of resulted from the excessive use of intoxicants, or from the effect of the blows received by him in the encounter, sharply conflicted.

While testimony to prove appellant's condition was due to alcoholism was admissible under the general issue, and was not required to be pleaded specially, we do not think that evidence of an isolated instance of intoxication at a period so remote as three or four months prior to the time of the difficulty tended to prove the issue or was admissible for that purpose. Clearly, what the witness said to the appellant and his testimony as to the report which reached him concerning appellant's condition and conduct, was not proper, and the objection to it should have been sustained. "A party has the right to have none but legal evidence submitted to a jury. And where that which is irrelevant (or hearsay) has been admitted against the objections of the party, if it may have had an improper influence upon the jury, it will require a reversal of the judgment." Houston & T. C. Ry. v. Burke, 55 Texas, 340; Ft. Worth & D. C. v. Thompson, 75 Texas, 506. And where the evidence is sharply conflicting the admission of improper testimony upon a material issue will be deemed prejudicial unless the contrary appears. Baker v. Mutual Life Ins. Co., 89 Texas, 263; same case, 10 Texas Civ. App., 523; Ebron v. Zimpelman, 47 Texas, 522; Ross v. Kornrumpf, 64 Texas, 395. We think the testimony objected to was prejudicial to appellant, and can not say that the jury was not influenced by it. The assignments of error raising the points are sustained.

At the request of appellee the court gave to the jury the following special instruction:

"In this case plaintiff sues to recover damages for the pains, ailments, diseases, injuries, etc., alleged by him as being caused by and arising from the injuries received by him in and by reason of the alleged assault upon him by defendant's employes, Carnahan and Burke. In this con-

nection you are instructed that unless you believe from a preponderance of the evidence that such pains, ailments, diseases, injuries, etc., were received in or caused by the actual result of such assault, and have not been, and are not caused by the excessive use of alcoholic drinks, you will find for defendant."

The giving of this charge is assailed by appellant on the grounds, (1) that it is not supported by the pleadings, and that a defense not pleaded should not be submitted to the consideration of the jury; and (2) that the assault, if made under such circumstances as to render defendant liable, entitled plaintiff to recover at least nominal damages for the mental and physical suffering, etc., immediately consequent upon and directly caused by the assault.

The first contention is without merit. Plaintiff pleaded that certain consequences ensued to him as a result of the assault. The defendant pleaded a general denial, and under this plea it could show either that plaintiff was not suffering the diseases and hurts alleged by him, or that such diseases or hurts resulted to him from causes other than the assault. But the second contention must be sustained. Even if the injuries of which plaintiff complained were not due to the assault, and were attributable to other causes, yet if he was assaulted under circumstances which rendered the defendant liable, he was entitled to recover for any hurts he sustained immediately consequent upon and directly caused by the assault, although the jury may have believed that the train of ills of which he complained was due to other and different causes. The charge was clearly erroneous in that it precluded the jury from finding for plaintiff for any sum unless they were satisfied that the assault resulted in the injuries complained of by him. Green v. Houston Electric Co., 40 Texas Civ. App., 260.

We are also of the opinion that the first special instruction requested by the defendant was upon the weight of the evidence and that the court, in giving it to the jury committed error.

As the judgment must be reversed it is unnecessary and we deem it improper to pass upon the assignment of error complaining that the judgment of the trial court was without evidence to support it.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*