THOMAS J. FREEMAN, RECEIVER, v. S. L. COSTLEY.

Decided January 5, 1910.

1.—Carriers of Passengers—Refusal to Pay Fare.

A passenger who has refused to pay fare cannot acquire the right to transportation by tendering same after the train has been stopped for the purpose of ejecting him for such refusal.

2.—Same—Ticket—Good Faith.

A passenger who was ejected because he tendered only a ticket which, on its face and by its terms, did not entitle him to transportation on that day and train (a round trip return ticket on which time for return had expired) cannot recover, though he believed in good faith that it entitled him to transportation.

3.—Same—Arrest—Warrant—Attempt to Obtain Free Transportation.

The fact that one boarded a train with intent to obtain free transportation in violation of Article 1010h, Penal Code, did not justify his arrest for such offense without warrant, after expelling him from the train.

Appeal from the District Court of Travis County. Tried below before Hon. Chas. A. Wilcox.

*S. R. Fisher* and *S. W. Fisher* (King & Morris, of counsel), for appellant.—No right to recant after ejection begins: 6 Cyc., 554-5; Pennington v. Philadelphia, W. & B. Ry. Co., 18 Am. & Eng. R. R. Cases, 310, and authorities there cited; Davis v. Kansas City, St. J. & C. S. Ry. Co., 53 Mo., 317; People v. Jillson, 3 Parker Cr. Cases, 234; State v. Campbell, 32 N. J. L., 309; O'Brien v. Boston & W. Corp., 15 Gray, 20; Hibbard v. New York & E. R. Co., 15 N. Y., 455; Nelson v. Long Island R. Co., 7 Hun., 140; Skillman v. Cincinnati, S. & C. R. R. Co., 13 Am. & Eng. R. R. Cases, 31; Louisville, N. & G. S. R. R. Co. v. Harris, 9 Lea (Tenn.), 180; Stone v. Chicago & N. W. R. Co., 47 Iowa, 82; Thompson's Carriers of Passengers, 22.

A person seeking transportation is bound to know the limitations and legal effect of the ticket upon which he bases his right of carriage, and if such ticket has in fact expired he can not assert or claim the privilege of a passenger in good faith. It was therefore immaterial whether all the facts and circumstances surrounding the person holding an expired ticket were reasonably calculated to induce an ordinarily careful and prudent person to believe that such ticket gave him the right of passage. Gulf, C. & S. F. R. Co. v. Henry, 84 Texas, 678; Gulf, C. & S. F. Ry. Co. v. Riney, 41 Texas Civ. App., 398; Galveston, H. & S. A. Ry. Co. v. Turner, 23 S. W., 83; International & G. N. Ry. Co. v. Best, 93 Texas, 344; Texas & P. Ry. Co. v. McDonald, 2 W. & W., sec. 163; Carpenter v. Washington & G. Ry. Co., 121 U. S., 474; Demilley v. Texas & N. O. Ry. Co., 91 Texas, 215, s. c. Civil Appeals, 41 S. W., 147; Texas & N. O. R. Co. v. Powell, 13 Texas Civ. App., 212; Illinois Central R. Co. v. Marlett, 23 So., 583.

The jury should have been instructed, as requested by defendant in special instruction, that plaintiff's ejection was lawful and that defendant could not be held liable for his alleged illegal arrest. Article 1010h, Rev. Stats. (Penal Code); Jardine v. Cornwell, 50 N. J. L., 485; Commonwealth v. Kennedy, 136 Mass., 152; Porter v. Chicago, R. I. & P. Ry. Co., 41 Iowa, 358; Mali v. Ford, 39 N. Y., 381; Galveston, H. & S. A. R. Co. v. Donahoe, 56 Texas, 162; Lafitte v. New Orleans, C. & L. R. Co., 43 La. Ann., 34; Mulligan v. N. Y. R. B. R. Co., 129 N. Y., 506.

*James H. Robertson* and *Robertson & Robertson,* for appellee.—By the terms of Article 4542 of the Revised Statutes of Texas, appellee was entitled to ride upon the train without procuring a ticket, upon the payment by him of a fare of four cents per mile, and when he tendered his money to pay his passage the conductor should have accepted it and permitted him to continue his journey. Again, appellant's conductor not only unlawfully ejected appellee from the train, but according to the allegations in the plaintiff's petition caused him to be arrested, and assisted in the arrest, while appellee was still a passenger on the train, and appellee had the right to recover damages sustained by reason of his wrongful arrest at the direction of appellant's conductor. Mundine v. State, 37 Texas Crim. App., 5; articles 247, 248, 249, 250 and 1010h, Rev. Stats.

It was proper to submit to the jury the question as to whether under the facts and circumstances of the case appellee was authorized in believing that the ticket gave him a right to passage, because there was evidence from which they might decide that he was justified in such belief, and because the main issues in the case were whether or not appellee acted in good faith in trying to ride on the ticket as he did, and whether or not his arrest was justified.  Same authorities.

Even if plaintiff had been guilty of a violation of the statute making it a misdemeanor for any one to board a train without in good faith intending to become a passenger thereon, and to pay fare, still the arrest of plaintiff without a warrant would not have been justifiable on this ground alone.  Same authorities.

RICE, Associate Justice.—This was a suit by appellee against appellant, as receiver of the International & Great Northern Railroad Company, for the recovery of damages for an alleged unlawful expulsion from the cars of defendant while a passenger, and for an alleged unlawful arrest claimed to have been procured by the conductor of said train.

Besides a general demurrer, general denial and special exceptions, appellant answered by special plea to the effect that on the occasion of appellee's ejection from the train he was endeavoring to ride upon a ticket that had expired, and was of no value, and that he refused to produce a valid ticket or pay his fare when demanded by the conductor, and that appellee, with the knowledge that said ticket was invalid, refused to pay his fare with intent to defraud the defendant, and that he was therefore properly and lawfully ejected.

There was a verdict and judgment for the appellee from which the appellant prosecutes this appeal.

On the morning of the 5th of April, 1908, appellee purchased a round trip ticket from Manchacca to San Antonio, which ticket was good for that day only.  He rode to San Antonio thereon, and on the morning of the 6th boarded appellant's train to return, expecting to pay his fare from Manchacca to Austin.  Upon being informed by the conductor when taking up tickets that his ticket was worthless, appellee declined to pay his fare, whereupon the conductor stopped the train and backed the same into the station at San Antonio, ejecting appellee therefrom and directing a policeman to arrest and take him in charge, which was accordingly done.  It likewise appears from the evidence that the appellee, after the train had been stopped and while backing into the station, offered to pay his fare, according to his statement, to the conductor, who refused to receive it.

These facts were substantially set up in appellee's petition, to which appellant addressed a demurrer, which was overruled.  This ruling of the court is assigned as error.  We are inclined to believe that the exception was well taken to that part of the petition which undertook to predicate the right of recovery upon the action of the conductor in ejecting appellee from the train.  As we understand the law, a person who has refused to pay his fare can not recant and offer to pay his fare while being expelled from the train, and thereby become entitled to ride thereon.  It is within the discretion of the conductor to accept

the fare when so tendered, but he is not compelled to do so. So in this case, we think the fact, if it be a fact, that appellee refused to pay his fare or tender a valid ticket when demanded by the conductor, and on account of said refusal the conductor was compelled to stop the train with the view and for the purpose of ejecting him therefrom, then no right of action exists on the part of the appellee for this refusal by the conductor to accept the proffered fare, under the circumstances mentioned. 6 Cyc., 554-5; Pennington v. Philadelphia, Wilmington & Baltimore R. R. Co., 18 Am. & Eng. R. R. Cas, 310, and authorities there cited; Davis v. Kansas City Ry. Co., 53 Mo., 317; People v. Gibson, 3 Park. Cr. Cas., 234; State v. Campbell, 32 N. J. L., 309; O'Brien v. B. & W. Corp., 15 Gray, 20; Hibbard v. N. Y. & Erie R. R. Co., 15 N. Y., 455; Louisville, N. & G. S. R. R. Co. v. Harris, 9 Lea, Tenn., 180; Stone v. Chicago & N. W. R. Co., 47 Iowa, 82; Thompson's Carriers of Passengers, p. 22.

We also think that the court erred in the third paragraph of its charge to the jury wherein it submitted the issue of appellee's good faith in undertaking to ride upon the ticket in question, because the law seems to be that, if the ticket was worthless and did not entitle appellee to ride thereon, and he should refuse, after being notified, to pay his fare, the conductor would have the lawful right to eject him from the train, no matter what may have been his actual belief as to his right to ride thereon. The law charges him with a knowledge of what his ticket shows, and he is bound to take notice thereof; so that he could predicate no right of recovery on this branch of the case, as the conductor would be in the lawful discharge of his duty in expelling him under the circumstances indicated. See Gulf C. & S. F. Ry. Co. v. Henry, 84 Texas, 678; Gulf, C. & S. F. Ry. Co. v. Riney, 41 Texas Civ. App., 398, 92 S. W., 54; Galveston, H. & S. A. Ry. Co. v. Turner, 23 S. W., 83; International & G. N. R. R. Co. v. Best, 93 Texas, 344; Texas & P. Ry. Co. v. McDonald, 2 W. & W. Ct. of App., C. C., Willson, sec. 163; Carpenter v. Washington & G. Ry., 121 U. S., 474; Demilley v. Texas & N. O. Ry. Co., 91 Texas, 215, Texas & N. O. Ry. Co. v. Demilley, 41 S. W., 147; Texas & N. O. Ry. Co. v. Powell, 13 Texas Civ. App., 212, 35 S. W., 841; Illinois Central Ry. Co. v. Marlett, 23 So., 583.

Appellant requested a special charge based upon art. 1010h of the Penal Code to the effect that if appellee was undertaking to violate said article and was ejected by the conductor on account thereof, his expulsion would be lawful, and to find for defendant. We think this charge was properly refused, because while said article makes it a misdemeanor for any person to board a train without intending to become a passenger thereon, and with no lawful business, with intent to obtain a free ride without consent of the persons in charge of said train, still, this would not justify the arrest of appellee without warrant, as appears from the evidence was done in this case; for which reason this charge was properly refused.

We do not believe there is any merit in the remaining assignments, and they are therefore overruled; but, for the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*