ST. LOUIS, B. & M. RY. CO. v. FIELDER.

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1914. Rehearing Denied Feb. 18, 1914.)

1. CARRIERS (§ 321*)—INJURY TO PASSENGER—ASSAULT—APPARENT DANGER.

Where, in an action for injuries to a passenger, plaintiff's testimony showed that a trainman made an unwarranted assault on him while he was doing nothing but walking up to meet the trainman who was returning from the baggage car, while the train was making a stop at the station, and defendant's version was that plaintiff was making an assault on the trainman and conductor at the time plaintiff was struck, there was no issue of the right of self-defense arising from apparent danger in the case, and the court did not err in refusing to charge thereon.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

2. EVIDENCE (§ 126*)—DECLARATIONS OF PERSONS INJURED—RES GESTÆ.

In an action for injuries to a passenger by being assaulted by a trainman, evidence that immediately after plaintiff got up he said that the trainman, conductor, and baggageman all jumped on him, and pushed him off the platform backward, and almost broke his neck, was admissible as res gestæ, and was not a self-serving declaration.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 372–376; Dec. Dig. § 126.*]

3. TRIAL (§ 94*)—OBJECTIONS TO EVIDENCE.

An objection to evidence, in a motion to strike out the answer, failing to state the ground of objection is insufficient.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 247; Dec. Dig. § 94.*]

4. APPEAL AND ERROR (§ 1170*)—RULINGS ON EVIDENCE—PREJUDICE.

In an action for injuries to a passenger by being struck by a trainman, the overruling of an objection to a question asking plaintiff whether he knew the trainman's reputation at the time, to which he answered that he had heard he was a drinker, was not ground for reversal, even if error at all, under Court of Civil Appeals rule 62a (149 S. W. x), providing that a judgment shall not be reversed for error, unless the court shall be of the opinion that the error amounted to a denial of appellant's rights so as to cause the rendition of an improper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

5. TRIAL (§ 83*)—EVIDENCE—OBJECTIONS.

An objection that offered evidence is incompetent, irrelevant, and immaterial is not sufficiently specific, unless the real nature of the objection is so plain that the general phrase is sufficient to indicate it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 193–210; Dec. Dig. § 83.*]

6. CARRIERS (§ 247*)—PASSENGERS—RELATION.

Plaintiff boarded a railroad train, tendered the conductor a $20 bill to pay his fare; but the conductor could not change it. Plaintiff alighted at an intervening station to get the money to pay the fare to that point, and did pay it. He testified that he told the conductor he was going further as he alighted from the train, but intended to use a pass to complete his journey. The pass had expired; but he did not know this, and testified that, if his attention had been called to that fact, he would have paid his fare out of the money he had. While the train was waiting at this station plaintiff was assaulted by a trainman and injured. Held, that plaintiff's temporary departure with a view of returning and continuing the journey did not destroy the relation of carrier and passenger, and that the carrier owed him the degree of care which it owed to a passenger at the time of the assault.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 984–993; Dec. Dig. § 247.*]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by D. T. Fielder against the St. Louis, Brownsville & Mexico Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 51 Tex. Civ. App. 244, 112 S. W. 699.

Claude Pollard and Robert W. Stayton, both of Kingsville, H. R. Sutherland, of Corpus Christi, and West & McMillan, of San Antonio, for appellant. J. C. Scott, G. R. Scott, and Boone & Pope, all of Corpus Christi, Dougherty & Dougherty, of Beeville, and H. S. Bonham, of Austin, for appellee.

CARL, J. Appellee, D. T. Fielder, sued the appellant, St. Louis, Brownsville & Mexico Railway Company, and alleged, substantially: That on January 11, 1905, he was a passenger on one of appellant's trains from Katherine en route to Corpus Christi, Tex. That he did not obtain a ticket at Katherine, but offered to pay his fare to Kingsville; but the conductor, Burke, could not change a $20 bill tendered. He thereupon came on to Kingsville, got off to get the change to pay his fare, and so informed the conductor, and also of his intention to continue his journey to Corpus Christi on the same train. He further alleges, however, that the reason he did not procure a ticket for the remainder of the trip was because he had a pass, as deputy sheriff of Nueces county, from Kingsville to Corpus Christi, upon which he intended to ride. The pass had expired December 31, 1904; but he says he did not know that fact, and would have paid his fare when his attention was called to that. At Kingsville a difficulty occurred between the conductor, Burke, and Carnahan, employés of the railway, on the one hand, and appellee, on the other, in which he received the injuries complained of. The railway answered by general demurrer, general denial, and special pleas, among which was one raising the issue as to the relation of passenger and carrier, etc.

It will not be necessary to further state the case, because it has been appealed once before, and is reported in 51 Tex. Civ. App. 244, 112 S. W. 699. That appeal is here referred to for a further statement.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[1] The court charged the jury on the law of self-defense; but' complaint is made in the first assignment that the court refused appellant's requested charge No. 2, on apparent danger.

Let us see what appellant's witnesses say: Carnahan says: "As I came back I met Mr. Fielder about middle way of the baggage car, and he says, 'Carnahan, you insulted me,' etc., 'I will mash your face,' drawing back in the act of what his threats were. Then I struck Mr. Fielder with all the force I had in me—to carry out his expression he drew back, and just as he did I struck him with all my force and effect. Then he fell on the edge of the platform." Burke, the conductor, says: "My friend (Carnahan) was in danger. When I first discovered that Fielder was about to hit Carnahan, I was just passing behind him. Fielder had his right arm drawn back. I saw Fielder in the act of hitting Carnahan."

In this state of the evidence, viewed by appellant's witnesses who were engaged in the affray, it is contended the charge on apparent danger should have been given.

In Cavil v. State (Cr. App.) 25 S. W. 628, Judge Simkins says: "If the deceased had drawn his knife, and was threatening to strike defendant, as he states, there was no question of apparent danger; but it was real danger, and the charge was correct in this respect."

In Moody v. State (Cr. App.) 59 S. W. 894, the defendant testified that Wright, the injured party (it was an assault to murder case), after using angry words to the defendant, Moody, pushed defendant back with his left hand or fist, and he (Moody) then saw a large knife open in his right hand, and the very instant Wright pushed him back Wright raised his right hand as if to cut him; that, when Wright pushed him back, defendant cut him; that he cut Wright to protect himself. Judge Brooks, in that case, held that it was a clear case of real danger, viewed from the defendant's testimony, and that the question of apparent danger was not in it. The distinction between an actual and a threatened attack is clearly made by Judge Hurt in Boddy v. State, 14 Tex. App. 528, and is followed in a lengthy opinion by the Court of Criminal Appeals in Payton v. State, 60 Tex. Cr. R. 475, 132 S. W. 127. See, also, Simmons v. State, 55 Tex. Cr. R. 441, 117 S. W. 141; Casey v. State, 54 Tex. Cr. R. 586, 113 S. W. 534.

It is known to all well-informed lawyers that a party has the right to defend on apparent danger, and, if the facts justify, it is a complete defense; but, when real danger appears clearly in the case, there is no necessity for a charge on apparent danger. In the absence of the real, apparent danger may be shown; but the converse is not true. If we accept Fielder's statement, Carnahan made an unwarranted assault on him when he was doing nothing but walking up to meet Carnahan, who was returning from the baggage car; and, if we take the version of Burke and Carnahan, Fielder was actually making an assault. So, in either event, apparent danger is not in the case. Appellant cites Croft v. Smith, 51 S. W. 1090, a case where there was absolutely no real danger, but was apparent danger, viewed from Croft's standpoint. That case is not applicable to the case at bar. The court did not err in refusing this charge, and the second assignment is also overruled.

[2] The third assignment complains of the action of the court in permitting the witness H. M. Fielder to testify by deposition: "What did D. T. Fielder say after he got up off the ground, after the fight?" "After D. T. Fielder got up off the ground he said Carnahan, and Burke, and the baggageman all jumped on him, and pushed him off the platform backward, and almost broke his neck." Objection was made to this on the ground that it was hearsay, and a self-serving declaration, and because it was not pleaded that a baggageman took part in the fight. The court qualifies the bill by saying that the charge to the jury limited the right of recovery to an assault made by Burke and Carnahan. The court doubtless admitted this testimony upon the theory that it constitutes a part of the res gestæ.

None of the statement would be admissible upon any other theory than as res gestæ, and if part of it is admissible, all of it is. Otherwise it was hearsay, and also a self-serving declaration. But H. M. Fielder was but 30 steps away, and when he got to his brother he was just getting up. Plaintiff says as he was getting up he saw his brother coming around the corner. It was at the place of the difficulty, and just as the injured party was getting up. The courts of this state have held so many times that statements like this made under similar circumstances constitute a part of the res gestæ, and are therefore admissible, that we deem a lengthy discussion unnecessary. I. & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; G., C. & S. F. Ry. Co. v. Batte, 94 S. W. 345, also 107 S. W. 633; T. & P. Ry. Co. v. Hall, 83 Tex. 675, 19 S. W. 121.

[3, 4] While appellee, D. T. Fielder, was on the stand testifying in regard to Carnahan, he was asked, "Did you know his reputation at that time?" and, before defendant could make objection, answered, "Yes, sir; I had heard he was a drinker." Defendant objected, and moved to strike out the answer, but did not state the ground of objection. Where the exception does not disclose the ground of objection, the ruling on same cannot be considered. G., C. & S. F. Ry. Co. v. Pearce, 43 Tex. Civ. App. 387, 95 S. W. 1133. But, even if properly excepted to, it would not be such error, if error at all, as to justify this court in reversing the case under rule 62a, Court Civil Appeals (149 S. W. x).

[5] The same might be said of the sixth

assignment, where it is complained of testimony that Carnahan was a "scrappy" man—where the objection was made that the testimony was irrelevant and immaterial. "It is well settled that the objection, 'incompetent, immaterial, and irrelevant,' is not specific enough, unless the real nature of the objection to the testimony is so plain that the general phrase is sufficient to indicate it." 1 Wigmore on Ev. § 18, p. 58, and cases cited in note 18. "Certainly it is not fair to allow such a general dragnet as 'incompetent, irrelevant, and immaterial' to be cast over every bit of evidence in the case which counsel would like to keep out, and then to permit counsel, upon careful analysis of the printed narrative of the trial, to formulate some specifications of error, not thought of at the time, and which, if seasonably called to the court's attention, might have been avoided or corrected." El Paso & S. W. Ry. Co. v. Smith, 50 Tex. Civ. App. 10, 108 S. W. 988; M., K. & T. Ry. Co. v. Johnson, 126 S. W. 672; 1 Wigmore on Ev. p. 58, § 18.

[6] The seventh assignment raises the question as to whether Fielder was a passenger at the time of the injury. The evidence shows that he had gone to Katherine on appellant's line, and then took the north-bound train to Kingsville, going to Corpus Christi. He offered the conductor a $20 bill to pay his fare; but the conductor could not change it. So he got off at Kingsville to get the money to pay the $1.25 fare to that point, and did pay it. He says he told the conductor he was going to Robstown and Corpus Christi as he got off the steps; but it seems he thought he could use a pass he had as deputy sheriff. This pass had expired; but he did not then know it. He says that, if his attention had been called to that fact, he would have paid his fare to Corpus Christi out of money he had. The court submitted that issue to the jury, and they found that Fielder was a passenger. He says that, when he got off the train at Kingsville to get the money to pay his fare, he told Burke, the conductor, he was going with him, and Burke said all right.

The case of G., C. & S. F. Ry. Co. v. Riney, 41 Tex. Civ. App. 398, 92 S. W. 54, cited by appellant, does not apply, because the ticket upon which Riney was attempting to ride from Gainesville to Sanger had expired, and he refused to pay his fare when his attention was called to it, and he was ejected at Valley View. He then sought to continue his journey from Valley View to Sanger without paying the back fare. In the Costley Case, 124 S. W. 458, Costley tendered an expired return ticket, which was refused, and he declined to pay his fare. The train was backed into San Antonio, and he was ejected and arrested.

"The relation of carrier and passenger commences when a person, with good intention of taking passage, and with the express or implied consent of the carrier, places himself in a situation to avail himself of the facilities for transportation which the carrier offers. In case of a railroad this relation arises, not merely when the passenger enters the train with the ticket already purchased giving him a contract right to ride, but when he enters upon the premises of the carrier with the intention to take a train in due course." 6 Cyc. p. 536. The text of the authority just quoted further says: "If there is an intent to pay fare, or do whatever else is required to entitle the person to transportation, he becomes a passenger by implied acceptance, although his fare has not yet been paid, or his ticket called for." See, also, Railway v. Simmons, 12 Tex. Civ. App. 500, 33 S. W. 1101; Railway Co. v. Washington, 30 S. W. 719; Railway Co. v. Griggs, 106 S. W. 412.

There was ample evidence that appellant had accepted appellee as a passenger, and that the relation had not terminated. A temporary departure from a train at a station with a view of returning and continuing the journey does not destroy the relation of passenger and carrier.

We have examined the other assignments of error, and find nothing therein that would require a reversal of this case, and the judgment of the district court is affirmed.