ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. MATTHEWS.

(Court of Civil Appeals of Texas. Austin. Feb. 18, 1914. Rehearing Denied · March 18, 1914.)

1. RAILROADS (§ 351*)—OPERATION — CONDITION OF TRACKS—STATUTES.

Under Rev. St. 1911, art. 1068, requiring every railroad to keep its roadbed and right of way at crossings in proper condition for the use of the traveling public under penalty, an instruction, in an action for injury to plaintiff, whose shoe caught between the rails, holding him until he was struck by a switch engine, that he had a right to presume that the tracks in the street where he was walking were in proper condition for the use of pedestrians was not objectionable as relieving him from the exercise of all care, or because the court did not explain what was meant by the term "proper condition."

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. § 351.*]

2. APPEAL AND ERROR (§ 499*)—BILL OF EXCEPTIONS—SUFFICIENCY.

A bill of exception, not showing what particular objection was made to the evidence, but merely stating that appellee's objection thereto was sustained, was insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

3. RAILROADS (§ 348*)—ACCIDENT AT CROSSING—SUFFICIENCY OF EVIDENCE.

In an action for injury from having his foot caught between defendant's rails at a crossing, holding him until he was struck by a switch engine, evidence *held* to sustain a verdict for plaintiff, as against a contention that the space between the rails was so wide at some places and so narrow at others as to render it impossible for plaintiff's shoe to have been caught therein as testified by him.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138–1150; Dec. Dig. § 348.*]

Appeal from District Court, McLennan County; E. C. Street, Special Judge.

Action by J. P. Matthews against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

E. B. Perkins, of Dallas, Scott & Ross, of Waco, for appellant. Witt & Saunders, of Waco, and Chas. B. Braun, for appellee.

KAY, C. J. This is a personal injury suit, which resulted in a verdict and judgment for the plaintiff for $3,000, and the defendant has appealed.

According to the plaintiff's allegations in his petition, and his testimony in support thereof, on the occasion in question, while crossing a street in the city of Waco, he stepped with the heel of his right shoe on a guard and traffic rail, which rails were so located with reference to each other as resulted in the heel of his shoe becoming fastened, so as to prevent him from extricating himself, and while in that condition the defendant's employés in charge of and operating a switch engine negligently caused the same to run upon and so injure him as to require the amputation of one of his feet. The petition charged that the defendant was guilty of negligence in not properly locating the two rails with reference to each other, in the operation of the switch engine, and in the failure to stop the same after its employés were notified of the plaintiff's perilous situation. In addition to a general denial, the defendant's answer presented the question of contributory negligence, and all of the issues presented by the pleadings referred to were fairly submitted to the jury by the charge of the court. The verdict, though general in terms, involves findings to the effect that the defendant was guilty of negligence in one or more of the particulars charged, and that the plaintiff was not guilty of contributory negligence; and that, as a direct result of the defendant's negligence, the plaintiff was injured to the extent of the amount awarded him by the jury. The testimony sustains all of these findings, and they are here adopted by us as findings of fact.

[1] The first assignment of error complains of the paragraph of the court's charge, which instructed the jury that the plaintiff had a right to presume that the tracks of the defendant company, running along the sidewalk

and in the street where he was walking, were in proper condition for pedestrians to walk on or over the same. Under that assignment two propositions are submitted, one charging that the instruction referred to relieved the plaintiff from the exercise of any care whatsoever as to where he was walking, and the second complains because the court did not explain what was meant by the term "proper condition." We overrule the assignment, and hold that the charge complained of was justified by article 1068 of the Revised Statutes, which reads as follows: "*Duty of Railroad to Keep in Condition for Travel Portion of Roadbed and Right of Way Crossed by Streets; Penalty.*—It shall be the duty of every railroad company in this state to place and keep that portion of its roadbed and right of way over or across which any public street of any incorporated town or village may run, in proper condition for the use of the traveling public; and, in case of its failure to do so for thirty days after written notice given to the section boss of the section where such work or repairs are needed, by the town marshal of such town or village, it shall be liable to a penalty of twenty-five dollars ($25.00) for each and every week such railroad may fail or neglect to comply with the requirements of this article, recoverable in any court having jurisdiction of the amount involved, in a suit in the name of such town or village."

[2] The second assignment complains because the court sustained an objection interposed by appellee to certain testimony offered by appellant. The bill of exception does not show what particular objection was made to the testimony, but merely states that the plaintiff objected to the testimony, and the court sustained the objection. This is not sufficient. Ramm v. Railway Co., 92 S. W. 426; Railway Co. v. Pearce, 43 Tex. Civ. App. 387, 95 S. W. 1133; Railway Co. v. Holzer, 127 S. W. 1062; Howard v. McBee, 138 S. W. 450.

[3] The other assignments complain of the verdict as not being supported by the testimony, the contention being that it was made to appear to the jury that the space between the main track and the guard rail was so wide at some places and so narrow at others, as to render it impossible for the heel of the plaintiff's shoe to have become fastened therein in the manner testified to by him. It appears that during the trial and by agreement of the parties, the officer in charge of the jury took them to the place in question, and carried the shoe that the plaintiff was wearing at the time of the accident; and one of the jurors, after the verdict had been rendered, made an affidavit, which was attached to the defendant's motion for new trial, in which he stated, in substance, that he attempted to place the shoe heel in question between the rails referred to in such manner as to get

it fastened therein, and that it could not be done, and he was corroborated by the officer in charge of the jury. In rebuttal to that testimony the plaintiff presented an affidavit of a disinterested witness, who stated that after the trial was over, he took the shoe in question, carried it to the place in question, and found a certain place between the main and guard rail where the shoe heel fitted in, and became fastened in the manner described by the plaintiff in his testimony. He stated that he fastened the shoe heel between the two rails in such manner that he could not remove it with his hands, and had to kick it with his foot in order to extricate it. His affidavit corroborated the testimony given by the plaintiff, and justified the court in overruling the motion for a new trial. Besides, the proof showed that the rails were too wide at one place and too narrow at another for the shoe heel to become fastened therein, which indicates that there was some point between the two places referred to where the shoe heel might become fastened.

No error has been shown, and the judgment is affirmed.

Affirmed.