W. E. McCELVEY ET AL. v. HUGH W. McCELVEY, ADMINIS-
TRATOR, ET AL.

Delivered December 23, 1896.

1.   Parties—Right of Administrator to Sue.

The administrator, where there are unpaid creditors of the estate, is the proper party to sue for the recovery of land held adversely to the estate under a deed by the decedent void for want of delivery.

2.   Possession by Executor Not Adverse, When.

The action of an executor in placing upon the inventory certain land owned by the testator warrants a finding that his subsequent possession of the land was not adverse to the estate, although he was one of the grantees in a deed of it by the testator.

### 3. Same—Evidence Held Sufficient.

Where the executor received the possession of land of his testator from the temporary administrator, and after that there was no change in the attitude towards the estate of the executor and the other minor defendants, who lived on the land with him, such facts warranted a finding that their possession was not adverse.

### 4. Limitation of Four Years—Trespass to Try Title and to Cancel Deed.

An action of trespass to try title and to cancel a void deed under which defendants claim the land is not subject to the four years' limitation. There is no legal neces_sity for the cancellation of a void deed.

APPEAL from Houston. Tried below before Hon. J. R. BURNETT.

*J. W. Madden,* for appellants.

*Adams & Adams* and *A. D. Lipscomb,* for appellees.

JAMES, CHIEF JUSTICE.—*Conclusions of Fact.*—John McCelvey died February 20, 1888, leaving a will devising the property in controversy to appellants. On August 23, 1887, he signed a deed to certain property including the 240 acres now in controversy, which was not proven for record or recorded until after his death on February 27, 1888. The testimony was conflicting as to whether or not this deed had ever been delivered, and the district judge found that there had been no delivery, nor payment of any consideration. A temporary administration was taken out by H. W. McCelvey, after which, in May, 1888, Walter McCelvey, the executor named in the will, qualified and filed an inventory upon which he placed the property mentioned in the deed. Walter McCelvey was one of the grantees in the deed, the others being minors, all being illegitimate children of the testator, who lived with him upon the property until his death, and continued to live there afterwards. The executor continued to act as such until March, 1894, when he was removed, and Hugh W. McCelvey, a cousin of the testator and the one who had acted as temporary administrator, was appointed administrator de bonis non with the will annexed. It appears that the executor at that time asserted title in the children against the estate, by virtue of said deed, and failed to proceed with the administration, hence his removal and the appointment of another. Hugh W. McCelvey then filed this suit for the title and possession of the 240 acres, and certain, if not all, remaining creditors intervened, asking for the same relief. We find as a fact that the possession of the property by the executor and the children was not adverse to the estate until 1894. The land in controversy was all that remained of the property inventoried.

*Conclusions of Law.*—1. The deed not having been made for want of delivery, the land was subject to administration, no claim being made that it was exempt, and the administrator was the proper party to sue for and recover the land from those adversely holding it, there being unpaid creditors.

2.   The acts of the executor, he being one of the grantees in the deed, treating this land as belonging to the estate, and actually selling a part of the land which the deed purported to convey, to satisfy debts, authorizes the finding, as to him, that there was no adverse possession. The evidence shows that the other children were minors and simply continued to live with him upon the place, all of them using it.   There is also evidence that the temporary administrator took possession of the property, and that he turned it over to the executor when the latter qualified.   After that there was no notice of a change in the attitude of defendants toward the estate, in reference to the land, until 1894.   The district judge found that the possession was not adverse, and as the evidence so indicates, the finding should be sustained.

3.   There is also the plea of four years' limitations, founded upon the theory that this suit was one to cancel a deed.   In our opinion this view is not sound.   A suit to set aside a conveyance presupposes that a deed was executed.   An equitable proceeding to rescind or annul an instrument for fraud or the like, has been held to come within this statute. The present action is to recover the land, the plaintiff anticipating the claim based on the deed, and alleging that no such deed had in fact been made.   There is no necessity for a proceeding to set aside an instrument that is void, the party complaining may recover his property notwithstanding such instrument, upon showing the fact which makes it a nullity.   It certainly would not be contended that, if the deed were forged, or purported to convey the property of a married woman when she had not privily acknowledged the instrument, the property could not be recovered after four years.   The action would not become barred in such a case except through adverse possession.

4.   The fifth assignment is that the administrator would in any event only be entitled to subject the land to payment of the debts of the estate, and that he was not entitled to divest title out of the defendants, in view of the will devising this land to defendants.   By the judgment rendered, the plaintiff, as administrator of the estate, is adjudged the land with writ of possession.   It is doubtful if the judgment would be held to adjudicate against defendants their right to take under the will any surplus remaining of the land after administration.   The suit did not involve the provisions of the will in favor of defendants.   But as the defendants could not claim as heirs of McCelvey, and a contention might be made by his heirs that the administrator's recovery inured to their benefit against any right that defendant had under the will, it seems to us that it would have been appropriate for the judgment to declare that such was not its effect.   We understand appellee as not objecting to this being done, and the judgment of the District Court thus amended will be affirmed.

*Amended and affirmed.*