ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v.
J. R. MUSICK.

Decided April 25, 1904.

**1.—Shipment of Cattle—Delay—Evidence—Charge—Contract of Sale.**

Although there was no proof of the value of cattle, alleged to have been injured by delay in furnishing cars, on the day they arrived at defendant's pens other than shown by the contract of sale, yet it was proper to refuse a peremptory charge in defendant's favor where plaintiff's proof outside the contract of sale entitled him to at least nominal damages.

**2.—Same—Pleading—Measure of Damages.**

In the absence of notice of the contract of sale of cattle and complaint that special damages were suffered with reference thereto, the contract of sale made before shipment not having been pleaded, the sale price and the contract price could not properly furnish the measure of damages for a failure on the part of the railway to promptly furnish cars for shipment.

**3.—Charge—Failure to Feed and Water Cattle—Error.**

Charge placing liability upon defendant for failure to feed and water cattle during shipment, such liability to attach from the time of delivery and acceptance, held error in view of the undisputed evidence that plaintiff, for a valuable consideration, had assumed that duty.

**4.—Charge—Measure of Damages—Pleading—Error.**

A charge giving the measure of damages as the difference between the market value of the cattle when they should have arrived and when they did arrive at their destination, and also the deterioration in the condition of the cattle due to delay in shipment was erroneous as authorizing a double recovery, the pleading only seeking recovery for deterioration in condition of cattle and not for a fall in the market price.

Appeal from the County Court of Cherokee.   Tried below before Hon. James P. Gibson.

· *E. B. Perkins* and *Marsh & McIlwaine,* for appellant.

*Guinn, Norman & Guinn,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee against the appellant railway company for damages alleged to have resulted to certain cattle of appellee on account of the failure of appellant to promptly furnish cars for their transportation.

A trial by jury resulted in a judgment for appellee, and appellant complains of it here for alleged errors committed upon the trial.   The cause of action as made by the petition is as follows:

Plaintiff was the owner of 199 head of cattle near Alto, Texas.   Intending to ship them from Alto, Texas, a station on defendant's line, to Wortham, on a connecting line, plaintiff notified defendant's agent at Alto that he wished to have the requisite cars on the 17th day of December, 1902.   The agent promised to have the cars on the day named, and relying on the promise plaintiff drove his cattle to Alto and by direction of the agent plaintiff placed them in defendant's stock pens on that date, prepaying the freight.   In violation of the contract defendant failed to furnish the cars until the 19th of that month, and the cattle remained in the pens until that date without food or water, when they were shipped to Wortham.   By reason of the delay and want of food

and water they had so deteriorated in weight and condition that they were worth upon the market at Wortham only $2200, whereas had they arrived in good condition they would have been worth $2600. The difference between those two sums is prayed for by plaintiff as damages alleged to have resulted from the failure of defendant to promptly furnish the cars and failure to feed and water the cattle during the delay.

The fact that they were sold in advance at Wortham and were being shipped in pursuance of that sale is not averred. Nor is it averred that by their prompt shipment they would have been sold upon a higher market. The damages claimed are for the deterioration in weight and condition of the cattle.

The defendant answered by general denial and special defenses not necessary to mention.

The evidence adduced by plaintiff tended to establish the allegations of the petition, except that under the contract of shipment plaintiff undertook to feed, water and care for the stock. His failure to do so during the delay at Alto was due to the fact that neither food nor water was procurable at that point, and the agent continued to assure plaintiff that the cars were expected hourly.

There was no proof of the value of the cattle at Wortham on the day they arrived or when they did arrive, unless the contract of sale entered into some time before and the price for which they actually sold be taken as sufficient to present the issue.

Defendant requested a peremptory charge upon this ground and complains because it was not given. The charge was properly refused, as the plaintiff's proof outside the contract of sale entitled him to at least nominal damages.

The special charge mentioned in the second assignment should have been given, as in the absence of notice of the contract of sale and a complaint that special damages were suffered with reference thereto the sale price and contract price could not properly furnish the measure of damages.

The fourth, fifth and sixth assignments are addressed to the same issue as the second and need not be discussed.

The following portion of the court's main charge is assailed: "The law makes it the duty of all common carriers when conveying live stock of any kind to feed and water same during the time of conveyance, and the liability of a common carrier attaches whenever the shipper has done all that is required of him to prepare his property for shipment and has delivered the same to the railway company and it has been accepted."

This was clearly error in view of the undisputed evidence that plaintiff, for a valuable consideration, had assumed that duty. His right to recover notwithstanding this assumption of duty rests upon the facts he pleaded and sought to prove, viz., that his failure to feed and water was due to his reliance on the promise of prompt shipment and the fact that no food and water were to be had.

On the measure of damages the court charged the jury as follows:

"If you find for plaintiff the measure of damages will be the difference, if any, between the market value of the cattle when they should have arrived at their destination and when they did arrive, and also such damages, if any, as said cattle may have sustained by the unreasonable and negligent delay on the part of defendant in furnishing cars and shipping said cattle after said cattle had been received by defendant for shipment.  *  *  *"

This section of the charge is complained of as authorizing double damages and misleading the jury.

We think the objections well founded.  Had plaintiff sought to recover for deterioration in the weight and condition of the cattle and also for a fall in the market price the charge would have been applicable, but there is neither allegation nor proof of a fall in the market.  The only damage shown is the deterioration in the weight and condition of the cattle, and this is included in the latter part of the paragraph concerning the damage sustained by the cattle by reason of the delay.  The first part was clearly erroneous in view of the pleading and facts.

For the errors indicated the judgment is reversed and the cause re-manded.

                                        *Reversed and remanded.*