**GUARANTEE MERCANTILE CO. et al. v. NELSON et al. (No. 2300.)**

(Court of Civil Appeals of Texas. Texarkana. June 17, 1920.)

1. **Tenancy in common ⬅43—Heirs not entitled to possession as against grantee of coheir.**

Where heir in possession of land by consent of coheirs conveyed the whole of the land, the coheirs, in trespass to try title to the land against the heirs' remote grantee were not entitled to a judgment for all of the land, the grantee being entitled to the interest therein of the heir who conveyed the land.

2. **Tenancy in common ⬅28(1)—No recovery of rent against joint owner in absence of demand for use of land.**

There can be no recovery for rent against co-owner in possession in absence of evidence of a demand on co-owner for the use of the land.

3. **Homestead ⬅213—Invalidity of sale as to grantor's wife must be pleaded.**

In trespass to try title, the defense that conveyance was invalid as to the grantor's wife, who did not join therein, because of homestead rights, must be pleaded.

Appeal from District Court, Marion County; J. A. Ward, Judge.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by G. W. Nelson and others against the Guarantee Mercantile Company and others. Judgment for plaintiffs, and defendants appeal. Affirmed as modified.

This is an action by the appellees against the appellants in trespass to try title to 61½ acres of land, a part of the John Brown headright survey in Marion county. The defendants in the suit pleaded general denial and not guilty. The court after hearing the evidence, rendered judgment for the plaintiffs for the land and for $75 as rent of the premises.

The petition pleaded and the evidence established that—

"The plaintiffs are all heirs at law of Peter Nelson, deceased, who before his death lived on the land as his home under a deed which described the premises as set out in this petition."

It was proven that Peter Nelson died in 1902. Oscar Nelson, son of Peter Nelson, and a brother of the plaintiffs, was, by consent of the other heirs, continued in possession of the premises in suit from the death of his father until Oscar died in 1918. Oscar Nelson was a married man. It appears that Oscar Nelson on March 27, 1915, made a deed to T. W. Shackleford of the land in suit, and that T. W. Shackleford executed the deed to the land to the Guarantee Mercantile Company.

Armistead & Benefield, of Jefferson, for appellants.

T. D. Rowell, of Jefferson, for appellees.

LEVY, J. (after stating the facts as above). [1, 2] It is insisted by the appellant that there is error in rendering judgment for the plaintiffs for all the land and for rent of the premises. It is believed that the contention should be sustained, and that the judgment should be modified to that extent. The plaintiffs could not recover the interest of Oscar Nelson, a surviving son of Peter Nelson, deceased; for Oscar Nelson made a deed of conveyance, as proven, to the Guarantee Mercantile Company. And since there is no evidence that the plaintiffs, being joint owners with the Guarantee Mercantile Company, demanded the use of the land, no recovery for rent was warranted.

[3] There is no plea, as must be entered, for homestead on the part of Oscar Nelson's wife, to invalidate the sale to the Guarantee Mercantile Company, as contended by the appellees.

The judgment is modified so as to deny a recovery to the plaintiffs of the interest of Oscar Nelson in the land, and to deny a recovery for rent, and as thus modified the judgment will be affirmed. The appellees will pay the costs of appeal.