In view of another trial we mention the fact that in a prosecution for an offense denounced by article 667, P. C., a charge on the law of prima facie evidence, as contained in article 671, P. C., is not applicable. See Estell v. State, 91 Tex. Cr. R. 481, 240 S. W. 913; Johnson v. State, 17 S.W.(2d) 1074, No. 12,197, not yet (officially) reported.

For the errors pointed out, the judgment is reversed and the cause remanded.

**COWART et al. v. MINER et al.** (No. 3683.)

Court of Civil Appeals of Texas. Texarkana. April 23, 1929.

Rehearing Denied May 9, 1929.

Geo. L. Hamilton, of Sherman, for appellants.

Freeman, McReynolds & Hay, of Sherman, for appellees.

HODGES, J. In November, 1925, G. D. Lackey and wife sold and conveyed to W. D. Cowart lots 11, 12, and 13 in block 15 in the town of Tom Bean, Grayson county, Tex. The consideration for the conveyance was $1,000 in cash and $1,500 to be paid in three annual installments of $500 each. The notes executed for the deferred payments were later indorsed and transferred by Lackey to the appellee W. H. Miner. W. D. Cowart died in May, 1926, leaving all of the notes unpaid. At the time of his death Cowart was living with his second wife, Mrs. Frankie Cowart, one of the appellants in this suit. He had four children of the first marriage, and four of the second marriage, the last named being minors at the time of the trial. In December, 1927, Miner filed this suit against Lackey and the surviving wife and children of W. D. Cowart to foreclose his vendor's lien on the lots for which the notes were given and to establish a claim for any unpaid balance against the remaining real property belonging to the estate of W. D. Cowart.

Answers were filed by all the defendants; the children and grandchildren of the first marriage joining in one, while Mrs. Frankie Cowart answered separately for herself and as the guardian of her minor children. She pleaded in abatement the lack of jurisdiction in the district court, alleging that an administration upon the estate of W. D. Cowart was necessary and that an application for an administration was then pending. She also, both individually and as guardian, set up certain rights to specific portions of the real property belonging to the estate claimed by herself and children and grandchildren of the first marriage. Since the pleadings of the defendants related mainly to conflicting claims among themselves to certain portions of the property, we deem it unnecessary to make a more detailed statement.

By agreement of the parties the case was withdrawn from the jury, and the issues involved were submitted to the court. A judgment was rendered for the amount of the notes, together with interest and attorney's fees, a foreclosure of the vendor's lien on the lots, and the establishment of the plaintiff's claim against the remainder of the estate of W. D. Cowart for whatever deficiency might exist by reason of the insufficiency of the lots above mentioned to satisfy the judgment. No personal judgment was rendered against any of the defendants in the suit.

While the court filed no separate findings of fact and conclusions of law, the material facts are recited in the decree rendered.

It is there stated, among other things, that after the death of W. D. Cowart a temporary administration had been granted in which the affairs of the estate had been practically settled, and that no administration was then pending and there was no necessity for further administration.

Mrs. Cowart for herself and as guardian for her minor children are the only parties who have appealed.

The transcript contains no assignments of error, and no motion for a new trial was filed in the court below. We can therefore consider only such questions as may present fundamental errors.

In their brief the appellants urge three propositions: The first is that the court erred in failing to appoint a guardian ad litem for Mrs. Frankie Cowart's minor children, notwithstanding the fact that she appeared and answered for them as their duly appointed guardian. Second, that the district court had no jurisdiction over the controversy, because of the necessity for an administration upon the estate of W. D. Cowart. Third, that the court erred in excluding certain testimony offered upon the trial.

Both the proof and the pleadings show that the minors were represented by their mother, who had been appointed their guardian by the probate court. Article 2159 of the Revised Civil Statutes of 1925 provides: "When a minor" is made "a defendant to a suit, and such minor * * * has no guardian within the state, the court shall appoint a guardian ad litem for such person for the purpose of defending the suit," etc.

Article 3605 requiring the appointment of a guardian ad litem where minors have a guardian appointed by the probate court applies only to controversies where the interests of the probate guardian and that of the minors conflict. No such a situation is presented by the pleadings in this case.

There being no assignment attacking the order of the court overruling the plea to the jurisdiction of the court, and there being no evidence upon the face of the record showing a lack of such jurisdiction, we cannot say that any reversible error was committed. If the facts stated by the court in the decree are true, the district court properly assumed jurisdiction.

The third proposition relates to the exclusion of testimony during the progress of the trial. The rulings of the court upon the admission and exclusion of testimony will not be reviewed, in the absence of an appropriate assignment of error. National Compress Co. v. Hamlin, 114 Tex. 375, 269 S. W. 1024.

It does not appear from the record that there was any defense made to the appellees' suit for a judgment on the notes and to establish a lien against other land belonging to the estate of W. D. Cowart. The main controversy in the trial was between the different defendants in the suit. The judgment rendered was warranted by the pleadings, and there does not appear upon the face of the record any reason why it should be disturbed.

The judgment is affirmed.