## COWART et al. v. MINER et al.
### No. 1364—5512.

Commission of Appeals of Texas, Section A.
June 25, 1930.

Geo. L. Hamilton, of Sherman, for plaintiffs in error.

Freeman, McReynolds & Hay, of Sherman, and Ralph Wood, of Dallas, for defendants in error.

HARVEY, P. J.

In November, 1925, G. D. Lackey and wife conveyed to W. D. Cowart certain town lots in the town of Tom Bean, Grayson county, Tex. The consideration for the conveyance was $1,000 cash and three notes executed by Cowart to Lackey for $500 each. Lackey afterwards indorsed the notes to W. H. Miner. W. D. Cowart died, intestate, in Grayson county, on May 28, 1926, leaving all the notes unpaid. At the time of his death, Cowart was living with his second wife, Mrs. Frankie Cowart, one of the plaintiffs in error here. He had four children by his first marriage, and four by the second marriage. These last four were minors at the time of the trial in the court below. This suit was brought, in December, 1927, in the district court of Gray-

son county, by W. H. Miner, against Lackey and the surviving wife and children of W. D. Cowart and the Bellows Falls Savings Institution, of Bellows Falls, Vt. (a corporation), and the New England National Bank of Kansas City, Mo. (a corporation).

The facts stated above are alleged in the petition of the plaintiff W. H. Miner. It is further averred in said petition that the surviving wife and children of W. D. Cowart are in possession of the city lots in Tom Bean, for which the notes sued on were given, and of various other lands which belong to the separate estate of Cowart. These latter lands are also situated in Grayson county. It is further averred in the petition that on August 2, 1926, the probate court of Grayson county duly appointed a temporary administrator of the estate of W. D. Cowart, and that "at the November A. D. 1926 term of the county court of Grayson County, Texas, after due and legal notice of the application for a permanent administration, the court entered an order finding that a permanent administration was unnecessary, and closed the estate on the final report of the temporary administrator, and there is now no administration pending on said estate; that there is no necessity for reopening said administration, or having another administrator appointed, for the reason that plaintiff's debt, and the debts of the Bellows Falls Savings Institution, of Bellows Falls, Vermont, and the New England National Bank of Kansas City, Missouri, are the only claims due by said estate, and all of said indebtednesses can be duly adjudicated, legally and equitably, between all of the parties in this suit." It is further averred in the petition that the Bellows Falls Savings Institution holds a promissory note for $8,000, due January 1, 1933, executed by W. D. Cowart and his wife, Frankie Cowart, which note is secured by a deed of trust executed by Cowart and wife on a tract of 106 acres of land belonging to the separate estate of Mrs. Cowart; and that the New England National Bank holds other notes executed by W. D. Cowart and wife, aggregating $840, which are secured by a second mortgage on Mrs. Cowart's 106 acres of land. It is further averred that all the lands belonging to the separate estate of Cowart are charged with a statutory lien, in the hands of the surviving wife and children of Cowart, to secure payment of the note sued on by the plaintiff and of those held by the above-named corporations. The plaintiff seeks judgment against C. L. Lackey as indorser of the note sued on, and against the surviving wife and children of W. D. Cowart establishing the plaintiff's debt and foreclosing his vendor's lien on said city lots, and also for foreclosure of his statutory lien on all the other lands belonging to W. D. Cowart's estate to satisfy any balance which the foreclosure sale of the city lots leaves unsatisfied.

The corporation defendants filed no answer in the suit. All other defendants duly answered. Mrs. Frankie Cowart, the guardian of the four minor children of herself and W. D. Cowart, filed answer in behalf of said minor children, as well as for herself individually. In said answer she challenged the jurisdiction of the district court to hear the plaintiff's suit, alleging that an administration of the estate of W. D. Cowart is necessary.

The case was tried to the court without a jury. The trial court, on May 21, 1928, rendered judgment granting the plaintiff, W. H. Miner, the relief sought by him as stated above. The judgment contains recitals of fact findings by the trial court with respect to the opening of temporary administration on the estate of W. D. Cowart, the debts existing against said estate, and the lack of necessity for a permanent administration. The language of these judgment recitals is word for word the same as that which we have quoted from the plaintiff's petition. The judgment also recites that W. D. Cowart died in Grayson county on May 28, 1926, intestate.

The Court of Civil Appeals affirmed the judgment of the trial court. 17 S.W.(2d) 1077. Mrs. Cowart, individually and as guardian for her four minor children, applied for writ of error, which was granted.

In the application for writ of error, no complaint is made of the trial court's judgment, or of the action of the Court of Civil Appeals in affirming same, save in the single respect that no guardian ad litem for the four minors was appointed by the trial court. The Court of Civil Appeals correctly held that no error was committed by the trial court in this respect, and the assignments of error contained in the application are overruled. Ordinarily this holding of ours would result in a recommendation that the judgment of the trial court and that of the Court of Civil Appeals be affirmed. But we do not think that such a recommendation would be proper in this case. The recitals of the trial court's judgment show affirmatively that the suit of the defendant in error W. H. Miner does not come within any of the recognized exceptions to the constitutional provision which gives the county court jurisdiction in matters relating to the settlement of the estates of deceased persons. State Constitution, art. 5, § 16. These recitals show that W. D. Cowart died intestate less than four years before the judgment was rendered; that he left a widow and four minor children; and that there are other subsisting debts against his estate, besides that for which Miner sues. It thus appears from the face of the judgment entry that the trial court did not have jurisdiction of the subject-matter of the suit, and consequently that the judgment is void. Bradley v. Love, 60 Tex. 475. Original jurisdiction in the district court, in the settlement of estates of deceased persons, is confined to narrow

·limits, and this case is shown to be outside of those limits. See Green v. Rugely, 23 Tex. 539; Patterson v. Allen, 50 Tex. 26; Webster v. Willis, 56 Tex. 468; Solomon v. Skinner, 82 Tex. 345, 18 S. W. 698; Low v. Felton, 84 Tex. 378, 19 S. W. 693; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002.

Since the judgment of the trial court is void, we recommend that the Supreme Court decline to affirm it, or the judgment of affirmance entered by the Court of Civil Appeals, and that an order be entered dismissing the application for writ of error.

CURETON, C. J.

The application for writ of error is dismissed for want of jurisdiction, as recommended by the Commission of Appeals.