**SCHRAMM v. ULLRICH et al.**

No. 2821.

Court of Civil Appeals of Texas. Beaumont.

Dec. 12, 1935.

Rehearing Denied Jan. 15, 1936.

Searcy & Hodde, of Brenham, for appellant.

R. W. Mayfield and E. T. Simmang, both of Giddings, for appellees.

COMBS, Justice.

This suit was filed by appellees, the surviving wife and heirs at law of Henry C. A. Ullrich, deceased, as plaintiffs, against H. A. Schramm, as defendant, to recover title and possession of 165.5 acres of land in Washington county, Tex. In addition to the usual allegations of trespass to try title, the plaintiffs alleged that a certain deed executed by Henry C. A. Ullrich and his wife, the plaintiff, Mrs. Minnie Ullrich, on the 28th day of November, 1927, purporting to convey said land to defendant, H. A. Schramm, was in fact not a deed of conveyance but was in fact a simulated transaction and part of a scheme to fix a lien on said land, which was their homestead, to secure the loan of $4,000. They prayed for title and possession of the land and for cancellation of the deed as a cloud upon their title. The evidence shows that by warranty deed regular in form, dated the 28th day of November, 1927, Henry C. A. Ullrich and his wife, the plaintiff Minnie Ullrich, conveyed the land in question to the defendant, Schramm, for a recited consideration of $4,000 cash. The evidence further shows that $4,000 cash was paid by the defendant to Ullrich. By an instrument dated seven days later, to wit, on the 5th day of December, 1927, an instrument denominated a rent contract was executed by the defendant, Schramm, and Henry C. A. Ullrich, by the terms of which it is recited that the first party (Schramm) "has this day contracted to sell and convey and hereby does sell and convey to party of the second part (Ullrich)" said tract of land, describing it by metes and bounds as in the original deed. It was provided that the consideration to be paid by Ullrich for said land and premises should be the agreed sum of $4,000 to be paid January 2, 1930; the further consideration being that second party, Ullrich, should keep up the place and pay to Schramm an annual rental of $330.15 on or before December 31, 1928, and December 31, 1929. Ullrich, by the terms of the instrument, bound himself to make said purchase and to pay the stipulated rentals. It was further agreed that if Ullrich should fail to pay the rentals when due then Schramm should have the right to sell the land to anyone else. It is shown that Ullrich was unable to perform his part of said contract for the repurchase of the property, and after the expiration of the two years continued to cultivate the land on a rental basis until the time of his death, which occurred in 1931. According to the testimony of the defendant, Schramm, the transaction was a bona fide purchase by him of the property, and he offered evidence of his dealing with the property such as the collection of insurance for a building damaged during the time it was occupied by Ullrich, the payment of taxes, etc., by him, which tended to support his theory of the case. However, the testimony offered by the plaintiffs clearly made an issue of fact that the purported deed was part of the scheme to create a lien on the property. The plaintiff, Mrs. Ullrich, so testified. And Otto Ullrich, brother of the deceased, testified that he was present at the office of an attorney in Brenham, Tex., when the purported rental contract above referred to was executed between Mr. Schramm and his brother, Henry C. A. Ullrich. This testimony was to the effect that the conversation between the parties at the time indicated that the original trade was that the land should be conveyed back by Schramm to Ullrich and the vendor's lien retained, but that the attorney told them it could not be legally handled that way, but that there was a way to do it and drew up the repurchase contract, denominated "rental contract," above referred to. The case was tried to a jury, and upon issues properly submitting the question the jury found

that the $4,000 purported consideration paid by Schramm to Ullrich was a loan and that the purported deed was not intended by the parties to be an absolute conveyance of the title to the land to the defendant, Schramm. Upon the verdict of the jury the trial court entered judgment in favor of the plaintiffs for title and possession of the land.

This is the second appeal of this case. On the former appeal, which was to the Court of Civil Appeals at Waco, the cause was reversed and remanded because of procedural errors, but it was there held that an issue of fact was made on the issue that the deed in question was intended as a mortgage. See 64 S.W.(2d) 1041. The assignment on this point and the briefs before us is to the effect that there was no evidence to support the jury's finding on the issue and, while we have not set forth the evidence on the issue at any length, we think we have summarized sufficient of it to show clearly that the jury's finding was not without support.

Appellant complains also of the failure of the trial court to sustain his plea of four years' limitation. In the state of the record we doubt that the assignment in the brief presents anything for review. But in any event it is without merit for the reason that the statute of four years' limitation has no application to the case as made by the pleadings and the proof. This is not a suit for the cancellation of a voidable deed, but a suit for the land. Plaintiffs, anticipating the introduction of the deed in question, plead that it was void in that it was not intended as a deed at all but was executed as part of a scheme to fix a lien upon their homestead. Under their allegations and the findings of the jury, the defendant had no title to the land for which the plaintiffs were suing. The purported deed had never had any validity and the four years' statute of limitation (Vernon's Ann.Civ.St. art. 5520) did not operate as a bar to plaintiffs establishing such fact in a suit for title to the land. Constitution, art. 16, § 50; Inge v. Cain, 65 Tex. 75; McCelvey v. McCelvey, 15 Tex.Civ.App. 105, 38 S.W. 473.

Appellant also complains of the refusal of the trial court to give effect to his plea of estoppel. It is insisted that the evidence shows that appellant made certain valuable improvements on the land in question during the lifetime of Henry C. A. Ullrich and subsequent to his death, and that neither Ullrich nor his wife at any time interposed any objection or informed the appellant, Schramm, of their contention that the deed was a mortgage. It is plain, we think, that estoppel cannot be predicated upon the facts relied upon by the appellant. If the purported deed was in fact intended as a mortgage, the appellant necessarily knew it and by operation of law he also knew that he had no title to the land. Certainly the mere failure of Ullrich and wife to object to the making of the improvements could not render valid a deed which was void or convert an intended mortgage into a conveyance of the homestead.

Finding no error, the case is affirmed.