## HENRY et al. v. WILLIAMS et al.
### No. 3534.

Court of Civil Appeals of Texas. Beaumont.

Oct. 19, 1939.

McComb & Davis and S. A. McCall, all of Conroe, for plaintiffs in error.

Pitts & Liles, of Conroe, for defendants in error.

WALKER, Chief Justice.

As tried in the lower court, this was an action by Guy and Cora Henry, husband and wife, plaintiffs in error, hereinafter referred to as appellants, against Paul and Elnora Williams, husband and wife, and Moses and Tommie Bonnaby, husband and wife, defendants in error, hereinafter referred to as appellees, and E. C. Wooldridge, to recover the title and possession of an undivided one-third interest in lot No. 9, block No. 3, Baseke Addition to the town of Conroe, Montgomery County; and for damages, actual and exemplary, on allegations that the property in controversy was their homestead, occupied and used by them as such, on the 7th day of May, 1937, and that on that day appellees, in their absence and without their consent and with malice, entered upon the premises in controversy, tore down the dwelling house occupied and used by appellants, appropriated to their own use a part of the material, and injured and damaged their household goods. Appellees and Mr. Wooldridge answered by pleas in abatement, general and special demurrers, general denial, and plea of not guilty. The trial was to a jury and judgment was entered in favor of appellees and Mr. Wooldridge against appellants on an instructed verdict.

Appellants contend that the issues raised by their pleadings and evidence should have gone to the jury; we sustain that contention.

By judgment of the district court of Montgomery county, rendered and duly entered on the 21st day of September, 1936, appellants were awarded title to the household goods in controversy, and to an undivided one-third interest in the lot in controversy. On the date of that judgment appellants were in possession of the property in controversy, living in the house located thereon, claiming it as their homestead, and they remained continuously in possession from the date of that judgment until they were forcibly ejected on the 7th day of May, 1937.

Appellees sought to justify their conduct by exhibiting title through the same judgment described above as a link in appellants' title to the two-thirds undivided interest in the property not awarded to appellants. They also exhibited the following claim of title to the one-third interest claimed by appellants. The costs in the judgment of date the 21st day of September, 1936, were adjudged against appellants. Execution duly issued for the collection of the costs, and was executed by levying upon and selling, on the 7th day of April, 1937, to Leo W. Budde appellants' interest in the lot in controversy. Appellants were present at the sale and entered their protest, notifying the purchaser that the lot was their homestead. On the 10th day of April, 1937, Leo W. Budde transferred his title to appellees.

After acquiring the Budde title, appellees instituted forcible entry and detainer proceedings against appellants in justice court, precinct No. 7, Montgomery county; on the 5th day of May, 1937, appellants were found not guilty of forcible detainer. Two days later, on May 7, 1937, while appellants were temporarily absent from the property in controversy, appellees entered thereon, tore down and destroyed the house in which appellants were living, and in doing so injured appellants' household furniture and effects situated in the house; after tearing down the house, appellees forbade appellants to re-enter upon the premises and locked the gates to keep them out.

As appellants were lawfully in possession of the property in controversy—the lot, the house, and their household goods—appellees were guilty of a trespass, and liable to them for the damages resulting from that trespass, in taking forcible possession of and damaging the household goods. Shell Petroleum Corpn. v. Liberty County Gravel & Sand Co., Tex.Civ.App., 128 S.W.2d 471. The evidence also raised against appellees the issue of exemplary damages. On the statement made, the issues of both actual and exemplary damages should have been sent to the jury.

But appellees say that, on the evidence introduced, the jury could not have assessed actual damages in favor of appellants. This contention is denied. The evidence reasonably raised the issue of the nature of the damage suffered by appellants and its extent, resulting from appellees' trespass in seizing their household goods. On any theory of the case, appellants were entitled, at least, to nominal damages, and on that ground the verdict

should not have been instructed against them. On this issue, in Champion v. Vincent, 20 Tex. 811, 812, our Supreme Court said: "For every infraction of a man's legal rights, the law gives a remedy by action. * * * The law supposes that every trespass, committed upon property, is necessarily attended with some damage, however inconsiderable the injury; and hence the right to a recovery of damages for á trespass, cannot be denied." See also 13 Tex.Jur., Damages, §§ 5, 6; 17 C.J., Damages, §§ 58, 60; Lawless v. Evans, 4 Willson, Civ.Cas.Ct.App., #26, 14 S.W. 1019; Hillebrant v. Brewer, 6 Tex. 45, 55 Am. Dec. 757; Irwin v. Cook, 24 Tex. 244; Moore v. Anderson, 30 Tex. 224, 225; Raymond v. Yarrington, 96 Tex. 443, 73 S.W. 800, 62 L.R.A. 962, 97 Am.St.Rep. 914; St. Louis S. W. R. Co. v. Musick, 35 Tex.Civ.App. 591, 80 S.W. 673; Davis v. Texas & P. Ry. Co., 91 Tex. 505, 44 S.W. 822; Miller v. Moore, Tex.Civ.App., 111 S.W. 750; Fielder v. St. L. B. & M. Ry. Co., 51 Tex.Civ.App. 244, 112 S.W. 699; Ehlert v. G. H. & S. A. R. Co., Tex.Civ. App., 274 S.W. 172; White v. Beaumont Imp. Co., Tex.Civ.App., 21 S.W.2d 559; Flournoy v. Story, Tex.Civ.App., 37 S.W. 2d 272; Fouraker v. Kidd Springs Boating & Fishing Club, Tex.Civ.App., 65 S. W.2d 796; Warren v. Hill, Tex.Civ.App., 77 S.W.2d 322; Pullman Co. v. ·Dudley, Tex.Civ.App., 77 S.W.2d 592.

■ Also, the verdict should not have been instructed against appellants on the issue of title to the . undivided one-third interest in the lot claimed by them. The evidence raised the issue in favor of appellants that they were continuously in possession of the property in controversy, claiming a homestead interest therein, prior to the entry of the judgment awarding them their claimed interest, and that they remained continuously in possession until forcibly ejected by appellees. It is the law that an execution sale of the homestead, on execution issued under a judgment of the nature of the judgment under which appellants' property was sold, is absolutely void —not voidable but absolutely void. Campbell ·v. Elliott, 52 Tex. 151; Caywood v. Henderson, Tex.Civ.App., 44 S:W. 927; Vernon's Ann.St. Constitutional Art. 16, Sec. 50.; Inge v. Cain, 65 Tex. 75; Hays v. Hays, 66 Tex. 606, 1 S.W. 895; Keller v. Lindow, Tex.Civ.App., 133 S.W. 304; Kellogg v. Southwestern Lbr. Co., Tex.Civ. App., 44 S.W.2d 742; McCelvey v. Mc-

Celvey, 15 Tex.Civ.App. 105, 38 S.W. 473; Milliken v. Coker, Tex.Civ.App., 90 S.W.2d 902; Palmetto Lbr. Co. v. Gibbs, 124 Tex. 615, 80 S.W.2d 742, 743, 102 A.L.R. 474; Schramm v. Ullrich, Tex.Civ.App., 90 S.W. 2d 293; Speer & Goodnight v. Sykes, 102 Tex. 451, 119 S.W. 86, 132 Am.St.Rep. 896; 7 Tex.Jur., p. 971, Sec. 52; Tucker v. Dodson, Tex.Civ.App., 245 S.W. 728. Appellees do not controvert this legal proposition. But since the deeds through which they claim appellants' interest in the property are regular on their face and do not reflect appellants' homestead claim, appellees assert that appellants could have relief only by making a direct attack upon the execution deed, which they did not do; appellants did not pray for a cancellation of the execution deed as a cloud on their title. Appellees proposition would make the illegal sale under execution of the homestead property merely voidable and not void. If appellants were required to make a direct attack upon the sale of their homestead, then their action for relief against the sale would be subject to the defenses available as against a direct attack—the bar of limitation, etc.; and a sale as against these defenses would be validated by the courts though condemned as void by the Constitution, Art. 16, Sec. 50. The allegations made by appellants that the property was their homestead on the date that appellees committed the trespass against them by entering thereon, destroying their house and damaging their household goods, was sufficient to .support their attack on the execution sale of their homestead property. The authorities cited by appellees—Bankers' Mortgage Co. v. Higgins et al., Tex. Civ.App., 4 S.W.2d 102; Benson et al. v. Mangum, Tex.Civ.App., 117 .S.W.2d 169; Cooper et ux. v. Casselberry, Tex.Civ.App., 230 S.W. 231; Crayton et al. v. Phillips, Tex.Com.App., 4 S.W.2d 961; First Nat'l Bank of Corsicana v. Zarafonetis· et ux., Tex.Civ.App., 15 S.W.2d 155; Guarantee Mercantile Co. et al. v. Nelson et al., Tex. Civ.App., 223 S.W. 543; Harrison et al. v. MacGregor, Tex.Civ.App., 112 S.W.2d 1095; Hufstedler et al. v. Glenn, Tex.Civ. App., 82 S.W.2d 733; Shonaker et al. v. Citizen's Loan & Investment Co., Tex.Civ. App., 8 S.W.2d 566—are not in point. These authorities, most of them, go merely to the proposition that where suit is filed to foreclose a lien or to assert a claim against the homestead property, the defendant must plead his defenses, including the claim of homestead.

It follows that the judgment of the lower court must be reversed and the cause remanded for a new trial, and it is accordingly so ordered.

Reversed and remanded.